**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMEL CARLTON,<br><br>                Petitioner,<br><br>     v.<br><br>WARDEN, ATLANTIC COUNTY JUSTICE FACILITY, et al.,<br><br>                Respondents. | Civil Action No. 21-14257 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court Respondents' motion to dismiss (ECF No. 4) Petitioner's habeas petition challenging his ongoing pre-trial state criminal detention. (ECF No. 1.) Petitioner filed a response to the motion. (ECF No. 5.) For the following reasons, the motion shall be granted and Petitioner's habeas petition shall be dismissed without prejudice.

**I.  BACKGROUND**

Petitioner is a state pre-trial detainee currently held in the Atlantic County Justice Facility on state criminal charges. (ECF No. 1 at 2.) In his petition, Petitioner asserts that he has been detained on sexual assault and related charges since February 2018 and has yet to go to trial. (ECF No. 1 at 6.) Petitioner therefore believes that his continued detention amounts to a denial of his speedy trial rights. Petitioner filed a motion to dismiss his indictment on speedy trial grounds, which was denied by the trial court. (*See* ECF No. 5 at 2.) By Petitioner's own admission, however, much of the reason for this delay is the result of his having gone through a number of

appointed attorneys during the pendency of his criminal proceedings, each of whom has filed numerous motions with the state criminal court which have delayed the onset of trial. (*Id.* at 2-4.) Petitioner filed a motion seeking leave to appeal this decision on an interlocutory basis, but the Appellate Division denied that motion in April 2021. (ECF No. 1 at 15.) It is not clear whether Petitioner sought to appeal that decision to the New Jersey Supreme Court, but it does not appear that he did so. (ECF No. 1 at 3-4.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c),[1] habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court has the authority to dismiss a petition where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

---

[1] Petitioner filed his habeas petition on the form related to petitions challenging state court judgments pursuant to 28 U.S.C. § 2254. Because Petitioner is currently detained on a pre-trial basis, and is not subject to a judgment of conviction, his challenge arises under § 2241 rather than § 2254. *See, e.g., Glazewski v. United States*, No. 16-3052, 2017 WL 2899686, at *1 (D.N.J. July 6, 2017).

2

### III. DISCUSSION

In this matter, Petitioner seeks to litigate his speedy trial and related state law challenges in this Court without first completing his state court criminal proceedings. Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses including those such as the right to a speedy trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In this matter, Petitioner seeks to prematurely litigate his speedy trial rights in this Court before concluding his criminal proceedings before the state courts. Although Petitioner appears to believe that he has exhausted his claims in his petition in his unsuccessful attempt to file an interlocutory appeal, the record clearly indicates that the Appellate Division denied his motion

3

seeking leave to appeal on an interlocutory basis, and he has failed to show that the merits of his claims were raised to, let alone addressed by, the New Jersey Supreme Court. It thus fully appears that Petitioner's claims were only presented to the appellate courts "in a procedural context in which [their] merits [would] not be considered," and that his claims are thus unexhausted at this time. *Castille*, 489 U.S. at 351; *see also Moore*, 515 F.2d at 444-45 (denial of request for leave to appeal on an interlocutory basis does not qualify as exhaustion). As petitioner's speedy trial and related state law claims appear to be unexhausted, as such claims are not exceptional circumstances sufficient to warrant pre-trial habeas jurisdiction, *see Moore*, 515 F.2d at 449, and as a state pre-trial detainee may not use a § 2241 petition to prematurely litigate his defenses in federal court prior to the conclusion of his criminal proceedings, this Court must decline to consider his current habeas petition, and his petition will therefore be dismissed without prejudice. Respondents' motion (ECF No. 4) is therefore granted.

### IV.     CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

4

[certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

V. **CONCLUSION**

For the reasons expressed above, Respondents' motion to dismiss (ECF No. 4) is **GRANTED**, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE**, and Petitioner is **DENIED** a certificate of appealability. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

5